**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| THEODORE JOHN SARTORI,<br>Petitioner,<br><br>v.<br><br>WARDEN, FCI MEMPHIS,<br>Respondent. | ) | No. 2:26-cv-02626-SHL-cgc |

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS, GRANTING RESPONDENT'S MOTION TO STRIKE, GRANTING PETITIONER'S MOTION TO SUPPLEMENT, DENYING PETITIONER'S MOTION FOR SUMMARY JUDGMENT, DENYING PETITIONER'S MOTION TO STRIKE RESPONSE, DISMISSING THE § 2241 PETITION, CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Before the Court is the pro se Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("§ 2241 Petition"), filed by Theodore John Sartori, an inmate incarcerated at the Federal Correctional Institution in Memphis, Tennessee, Bureau of Prisons ("BOP") register number 35839-510. (ECF No. 1.) Respondent Warden, FCI Memphis ("the Warden") filed a Motion to Dismiss (ECF No. 8), Sartori filed a combined response and Motion for Summary Judgment (ECF No. 10), and the Warden replied (ECF No. 11).[1] For the following reasons, the Warden's

[1] After the Warden replied, Sartori filed a "Reply to Government's Motion to Dismiss and Clarification of Request to the Court," noting that he received the reply on August 24, 2026, and that he intended his filing as a "timely reply and clarification." (ECF No. 12.) The Warden has moved to strike or disregard Sartori's purported surreply (ECF No. 13), and Sartori has moved to deny the Warden's Motion (ECF No. 14). This Court's Local Rules do not permit surreplies without leave of Court. See Local Rule 12.1. Because Sartori did not receive leave of Court to file his surreply, the Warden's Motion to Strike (ECF No. 13) is **GRANTED** and Sartori's Motion to Deny the Motion to Strike (ECF No. 14) is **DENIED**.

Motion to Dismiss (ECF No. 8) is **GRANTED**, Sartori's Motion for Summary Judgment (ECF No. 10) is **DENIED**, and the § 2241 Petition (ECF No. 1) is **DISMISSED**.

## BACKGROUND

In August 2024, Sartori pleaded guilty to one count of travel with intent to engage in illicit sexual conduct, in violation of 18 U.S.C. § 2423(b), (e). (ECF No. 8-3 at PageID 42, 44.) As part of his plea agreement, Sartori agreed that he engaged in sexual activity with the minor daughter of his co-defendant in exchange for his co-defendant receiving items of value like "cash, a Mustang, a motorcycle, Christmas presents, and vacations." (Id. at PageID 44–45.) The United States District Court for the Eastern District of Missouri sentenced Sartori to 120 months of incarceration. (ECF No. 8-4 at PageID 56.) The court also recommended that the BOP evaluate him for participation in, among other things, the Residential Drug Abuse Program ("RDAP"). (Id.)

On May 5, 2025, Drug Abuse Program Coordinator Chief Psychologist A. Watson interviewed Sartori to determine whether he was eligible to participate in RDAP. (ECF Nos. 8-5 at PageID 65; 8-8 at PageID 71.) The following month, staff at the Designation and Sentencing Computation Center ("DSCC") concluded that Sartori was precluded from receiving a sentence reduction if he completed RDAP because of his criminal offense. (ECF Nos. 8-5 at PageID 65; 8-8 at PageID 71.) Specifically, DSCC staff found that he was excluded from early release eligibility because his offense, "by its nature or conduct, presents a serious potential risk of physical force against the person or property of another" and "by its nature or conduct, involves sexual abuse offenses committed upon minors." (ECF No. 8-8 at PageID 71.)

In his § 2241 Petition, filed June 1, 2026, Sartori challenges the BOP's conclusion that his conviction precludes him from receiving a one-year sentence reduction for completing

RDAP. (ECF No. 1 at PageID 6.) He argues that the BOP improperly concluded that he had committed a crime of violence because, according to Sartori, his conviction for travel with the intent to engage in illicit sexual conduct was "non-violent." (Id. at PageID 10.) He asserts that "[t]he BOP policy of 'no sex offenders get the year off for RDAP' and statute 18 U.S.C. [§] 3621(e)(2)(B) are in conflict." (Id. at PageID 11.) He further contends that, under Loper Bright Enterprises v. Raimondo, 603 U.S. 369 (2024), the BOP no longer enjoys Chevron deference, and so this Court "will decide the meaning of the statute." (Id.) Sartori seeks an order requiring "the BOP to grant the one-year reduction in sentence per 18 U.S.C. [§] 3621(e) for completion of RDAP." (Id.)

The Warden seeks dismissal of the § 2241 Petition under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for the following reasons: (1) there is no subject matter jurisdiction over a challenge to the BOP's decision to deny sentence reductions; (2) the BOP appropriately declined to grant Sartori's sentence reduction; and (3) Loper Bright does not control or affect the outcome of Sartori's § 2241 Petition. (ECF No. 8 at PageID 24–25, 27.)

Sartori responds that the pre-Loper Bright cases relied upon by the Warden "are not of any value." (ECF No. 10 at PageID 75.) He also asserts that the BOP should use the categorical approach when determining what crimes are considered crimes of violence for purposes of the RDAP sentence reduction. (Id. at PageID 75–76.) He seeks a ruling that an offense under 18 U.S.C. § 2323(b), (e) is not a crime of violence, an order requiring the BOP to "follow its own policy" and grant him a one-year sentence reduction, and further asks to "[a]dmonish the government to follow the Supreme Court ruling in using the Categorical Approach, not the modified approach, when evaluating the charges of conviction." (Id. at PageID 77.)

## LEGAL STANDARDS

Federal Rule of Civil 12(b)(1) provides that a claim can be dismissed for "lack of subject matter jurisdiction." "Federal Courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986). Subject-matter jurisdiction is a "threshold determination" in any action. See Am. Telecom Co. v. Republic of Lebanon, 501 F.3d 534, 537 (6th Cir. 2007).

A claim may also be dismissed under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." To survive a 12(b)(6) motion to dismiss, the petition must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Court must accept all well-pleaded allegations as true and construe the record in the light most favorable to the non-moving party. See Phila. Indem. Ins. Co. v. Youth Alive, Inc., 732 F.3d 645, 649 (6th Cir. 2013).

## ANALYSIS

The Warden argues that the Court lacks jurisdiction to review the BOP's discretionary decision that Sartori is ineligible for early release under 18 U.S.C. § 3621(e). (ECF No. 8 at PageID 28.) The analysis below begins by addressing that threshold jurisdictional issue before considering the Warden's argument that the § 2241 Petition fails to state a claim.

### A. Jurisdiction

There is a general presumption that agency action is subject to judicial review unless Congress has specifically precluded review by statute or committed agency action to discretion by law. Heckler v. Chaney, 470 U.S. 821, 828 (1985). Judicial review of administrative action

should not be withheld absent "clear and convincing evidence" of Congress' intent to restrict judicial review. Id. at 830 (internal quotation marks and citation omitted).

Section 3621(e), the statutory provision providing for both the RDAP and the BOP's discretionary authority to determine whether a prisoner is eligible for early release upon successful completion of the RDAP, was enacted as part of the Sentencing Reform Act of 1984. Rea v. Sniezek, No. 06-cv-2424, 2007 WL 427038, at *3 (N.D. Ohio Feb. 2, 2007). As this Court noted before, jurisdictional issues arise in RDAP challenges because in § 3625—another section of the Sentencing Reform Act—Congress exempted the BOP's eligibility decisions under § 3621(e) from judicial scrutiny. Dooley v. Harrison, No. 2:25-cv-02612-SHL-cgc, 2026 WL 383455, at *3 (W.D. Tenn. Feb. 11, 2026) (quoting Rea, 2007 WL 427038, at *3 (discussing the statutory framework)). And based on that exception, courts "lack[] jurisdiction to review the BOP's discretionary decision that [a] [p]etitioner is ineligible for early release under § 3621(e)." Id.; see Rea, 2007 WL 427038, at *3 ("Therefore, by express provision, section 3625 establishes that the APA does not apply to decisions made under section 3621(e).").

Where, as here, Congress has exempted an agency's decision-making from judicial scrutiny, the Court's review is limited to "whether the agency acted outside its statutory limits or violated the [C]onstitution." Rea, 2007 WL 427038, at *3 (citations omitted). Applying this limitation to this § 2241 Petition, the Court lacks the jurisdiction to consider the BOP's decision to not grant Sartori early release. The Court, however, does have jurisdiction over his claim that the BOP exceeded its authority by promulgating a policy to deny "any inmate with a sex offense the one year [RDAP] reduction in sentence." (ECF No. 1 at PageID 10.) This latter claim is liberally construed as a challenge to the BOP's rulemaking related to whether consideration of a specific offense characteristic exceeds the statutory definition of a nonviolent offense. See

Harrison v. Lamanna, 19 F. App'x 342 (6th Cir. 2001) (addressing whether the BOP exceeded its authority by excluding a category of inmates from early release eligibility); see also Moreno v. Ives, 842 F. App'x 18, 20 (9th Cir. 2020) (noting that while Congress has specified that decisions about the BOP's individualized RDAP determinations are not reviewable under the APA, categorical challenges to how the BOP interprets its own regulations are reviewable).

**B. RDAP Early Release Determination**

Sartori argues that the BOP exceeded its statutory authority by denying him, and "any inmate with a sex offense," early release because his conviction under 18 U.S.C. § 2423(b), (e) is not a "crime of violence" as defined under 18 U.S.C. §§ 16 and 924(c). (ECF No. 1 at PageID 10; ECF No. 10 at PageID 76.) Relying on Loper Bright, he argues that it is this Court's responsibility, not the BOP's, to decide what the law is. (ECF No. 10 at PageID 77.) The Warden counters that the BOP's regulations precluding "[c]ertain categories of prisoners" from early release is a "permissible exercise" of discretion. (ECF No. 8 at PageID 30.) He also contends that Sartori's interpretation of Loper Bright is misplaced. (Id. at PageID 31.) As explained below, it takes little discussion to see why Warden is correct on both accounts.

**1. Statutory Authority**

Congress delegated the BOP authority to implement drug-abuse treatment programs, such as RDAP. See 18 U.S.C. § 3621(e). Within the scope of that delegation, Congress provided that the BOP may reduce an inmate's prison term by up to one year, provided that the inmate was convicted of a nonviolent felony, if the inmate successfully completes a substance abuse program. See id. § 3621(e)(2)(B); Lopez v. Davis, 531 U.S. 230, 241 (2001) ("When an eligible prisoner successfully completes drug treatment, the Bureau thus has the authority, but not the duty, both to alter the prisoner's conditions of confinement and to reduce his term of

imprisonment."). And, in Lopez v. Davis, the Supreme Court held that, under § 3621(e), the BOP "may categorically exclude [classes of] prisoners" from RDAP release eligibility based on their preconviction conduct." 531 U.S. at 244.

Here, relying on its discretionary authority, the BOP has declared ineligible for early release any inmate with a felony conviction for an "offense that, by its nature or conduct, presents a serious potential risk of physical force against the person or property of another" or an "offense that, by its nature or conduct, involves sexual abuse offenses committed upon minors." See 28 C.F.R. § 550.55(b)(5)(iii), (iv). Consistent with that regulation, the BOP has classified convictions under 18 U.S.C. § 2423 as crimes of violence. See BOP Program Statement 5162.06, § 3(a), https://www.bop.gov/policy/progstat/5162_007.pdf (last accessed Oct. 1, 2026). Because Sartori pleaded guilty to one count of violating § 2423, he fits squarely within the category of inmates precluded from early release eligibility. The BOP therefore did not exceed its statutory authority by barring him and others from receiving early release through RDAP.

**2. Loper Bright**

In Loper Bright, the Supreme Court overturned the longstanding doctrine set forth in Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984), and held that courts need not, and, under the Administrative Procedures Act ("APA"), may not, defer to an agency's interpretation of the law simply because a statute is ambiguous. See Loper Bright Enters., 603 U.S. at 412–13. The Court noted that "Chevron cannot be reconciled with the APA . . . by presuming that statutory ambiguities are implicit delegations to agencies." Id. at 399. Instead, "[c]ourts must exercise their independent judgment in deciding whether an agency has acted within its statutory authority, as the APA requires." Id. at 412.

However, the Loper Bright Court stated explicitly that its decision did not call into question prior decisions that relied on the Chevron framework, which holdings remain good law. See id., at 376. Thus, to the extent that Sartori argues that the cases interpreting § 3621(e) before Loper Bright "are not of any value," he is mistaken.

With that word of caution in mind, turn back to the Supreme Court's pre-Loper Bright decision in Lopez v. Davis mentioned above. There, the Supreme Court made clear that, in promulgating policy by which the BOP denies a sentence reduction to a class of inmates, the BOP is not interpreting the term "nonviolent offense," but instead acts pursuant to its statutory discretion concerning whether to grant sentence reductions under § 3621(e). See Lopez, 531 U.S. at 235-36. So, as other courts have noted, "there is no issue of statutory interpretation here concerning the term 'nonviolent offense' to which Loper Bright's overturning of Chevron deference might apply." Lowmaster v. Dir. Bureau of Prisons, No. 24-3178, 2024 WL 5135970, at *3 (D. Kan. Dec. 17, 2024).

The Sixth Circuit has also explained that a court's "duty" in the post-Loper Bright landscape "remains the same." United States v. Bricker, 135 F.4th 427, 440–41 (6th Cir. 2025). Courts are "to 'independently interpret the statute and effectuate the will of Congress . . . by fixing the boundaries of the delegated authority,' even if those boundaries continue to provide the agency with considerable discretion." Id. (quoting Loper Bright Enters., 603 U.S. at 371). Here, there is an express designation of discretionary authority in the statute, and Loper Bright does not change the Court's deference to the BOP's decisions. See e.g., Chavez v. Bondi, 134 F.3d 207, 212-13 (4th Cir. 2025) (stating that Loper Bright "didn't 'call into question prior cases that relied on the Chevron framework'" (quoting Loper Bright Enters., 603 U.S. at 412)).

Put simply, the BOP has not exceeded its statutory authority. This holding is in accord with decisions from other district courts. See, e.g., Felder v. Warden FCI Schuylkill, No. 25-2473, 2026 WL 2125873, at *2 (M.D. Pa. July 23, 2026) (noting that "the relevant regulations permit the BOP to uniformly exercise its discretion to exclude inmates with certain offenses from receiving the RDAP sentence reduction, regardless of whether those offenses are violent or nonviolent"); Marino v. Hollingworth, No. 16-4347, 2018 WL 3594358, at *6 (D.N.J. July 26, 2018) ("As in Lopez, the BOP gave reasons to support a policy of public protection and, thus, reasonably interpreted the legislative grant of discretion in § 3621(e)(2)(B) to categorically deny offenders whose conduct of conviction involved sexual abuse of a minor, because persons who committed such offenses 'exhibit a particular dangerousness to the public and often entail violent or threatening elements that resonate with victims and the community as a whole.'"). Sartori is therefore not entitled to § 2241 relief, and his Motion for Summary Judgment (ECF No. 10) is **DENIED**, the Warden's Motion to Dismiss (ECF No. 8) is **GRANTED**, and the § 2241 Petition (ECF No. 1) is **DISMISSED**.

## APPELLATE ISSUES

Federal prisoners who petition under § 2241 challenging their federal custody need not obtain certificates of appealability under 28 U.S.C. § 2253(c)(1). See Witham v. United States, 355 F.3d 501, 504 (6th Cir. 2004) (explaining that § 2253 "does not require a certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is pursuant to federal process").

A habeas petitioner seeking to appeal must pay the filing fee required by 28 U.S.C. §§ 1913 and 1917. To appeal in forma pauperis in a habeas case under § 2241, the petitioner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). Kincade v.

Sparkman, 117 F.3d 949, 952 (6th Cir. 1997). Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). But Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the petitioner must file his motion to proceed in forma pauperis in the appellate court. See Fed. R. App. P. 24(a)(4)–(5).

For the reasons explained in the section above, the Court finds that any appeal would not be taken in good faith. The Court therefore **CERTIFIES** under Rule 24(a) that any appeal would not be taken in good faith and **DENIES** Sartori leave to appeal in forma pauperis.

**IT IS SO ORDERED,** this 7th day of October, 2026.

s/Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE